
# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **SHIN-SHUOH LIN,** | CIVIL ACTION NO.  2:14-cv-3 |
| Plaintiff, | |
| v. | |
| **RECREATIONAL EQUIPMENT, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Shin-Shuoh Lin ("Shin-Shuoh Lin" or "Plaintiff") for its Complaint against Recreational Equipment, Inc. ("REI" or "Defendant"), demands a trial by jury and alleges as follows:

## PARTIES

1.   Plaintiff Shin-Shuoh Lin has a principal address of 27022 Falling Leaf Dr., Laguna Hills, CA 92653.

2.   On information and belief, Defendant Recreational Equipment, Inc. is incorporated under the laws of Washington with its principal place of business at 6750 S. 228th, Kent, WA 98032.  REI is registered to conduct business in Texas and has appointed Corporate Creations Network, Inc., 4265 San Felipe #1100, Houston, TX 77027 as its agent for service of process.  REI regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

**JURISDICTION AND VENUE**

3. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 *et seq*. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, REI has transacted business in this district, and has committed acts of patent infringement in this district, by the making, using, selling and/or offering for sale infringing products, including but not limited to, the REI Vacuum Infuser Mug.

5. On information and belief, REI is subject to this Court's general and specific personal jurisdiction because: REI has minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, REI has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; REI regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas through its retail store in the district and through its website; and causes of action arise directly from REI's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,571,830**

6. Shin-Shuoh Lin is the owner of all rights, title and interest to United States Patent No. 7,571,830 ("the '830 Patent") entitled "BEVERAGE SHAKER WITH ICE STRAINER." The '830 Patent was issued on August 11, 2009 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '830 Patent was filed on March 25, 2005. Attached as Exhibit "A" is a copy of the '830 Patent.

7. The '830 Patent discloses an insulated container, which is configured to hold the ingredients for protein supplement drinks. The insulated container permits manual mixing by shaking to and fro and retains any large pieces of the remaining ice within the container.

8. On information and belief, REI has been and now is infringing the '830 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that consist of an insulated container configured to hold the ingredients for protein supplement drinks that incorporate the invention according to the '830 Patent. On information and belief, examples of REI products that infringe the '830 Patent include, but are not limited to, all REI products that consist of an insulated container, including the REI Vacuum Infuser Mug. REI is thus liable for infringement of the '830 Patent pursuant to 35 U.S.C. § 271.

9. On information and belief, the insulated container in REI's accused products are known by REI to be especially made or especially adapted for use in a manner that infringes the '830 Patent and are not staple articles of commerce capable of substantial non-infringing uses. REI has thereby contributed to the infringement of the '830 Patent.

10. On information and belief, REI, by it sales and/or offers for sale of the accused products to third parties, has induced and continues to induce acts by third parties that REI knew or should have known would constitute direct infringement of the '830 Patent. REI actively induced infringement of the '830 Patent by designing the accused products to be capable of infringement and by promoting and encouraging the use of its products by third parties in ways that infringe the '830 Patent.

11. Given the parties' prior business relationship, a relationship that dates back to 2006, Shin-Shuoh Lin asserts that REI's infringement of the '830 Patent is or has been willful.

12. As a result of REI's infringement of the '830 Patent, Shin-Shuoh Lin has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless REI's infringing activities are enjoined by this Court.

13. Unless a permanent injunction is issued enjoining REI and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '830 Patent, Shin-Shuoh Lin will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Shin-Shuoh Lin respectfully requests that this Court enter:

A. A judgment in favor of Shin-Shuoh Lin that REI has infringed the '830 Patent, and that such infringement is willful;

B. A permanent injunction enjoining REI and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '830 Patent;

C. A judgment and order requiring REI to pay Shin-Shuoh Lin its damages, costs, expenses, and prejudgment and post-judgment interest for REI infringement of the '830 Patent as provided under 35 U.S.C. § 284;

D. An award to Shin-Shuoh Lin for enhanced damages resulting from the knowing, deliberate, and willful nature of REI's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Shin-Shuoh Lin its reasonable attorneys' fees; and

F. Any and all other relief to which Shin-Shuoh Lin may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Shin-Shuoh Lin, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

Dated: January 6, 2014
By: */s/ Winston O. Huff*
Winston O. Huff
State Bar No. 24068745
Deborah Jagai
State Bar No. 24048571
W. O. Huff & Associates, PLLC
302 Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Facsimile)
whuff@huffip.com
djagai@huffip.com

**ATTORNEYS FOR PLAINTIFF
SHIN-SHUOH LIN**

## CERTIFICATE OF FILING

I hereby certify that on January 6, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

*/s/ Winston O. Huff*
Winston O. Huff